IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Singleton, # 228204, ) | C/A No. 0:09-0350-MBS-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) **REPORT AND RECOMMENDATION** | |
| Warden McKeither Bodison, ) | |
| ) | |
| Respondent. ) | |

The petitioner, Paul Singleton ("Singleton"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on Singleton's motion to dismiss this action without prejudice. (Docket Entry 23.) The court notes that respondent filed a motion for summary judgment (Docket Entry 18) on July 2, 2009 and, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 20.) It appears that in response to this order, Singleton submitted his motion to dismiss, to which no response has been filed.

Singleton's motion to dismiss states that he has filed an appeal with the South Carolina Supreme Court of the post-conviction relief ("PCR") court's dismissal of his second PCR

application.[1]  (Petr.'s Mot. to Dismiss, Docket Entry 23.)  Further, Singleton indicates that he is requesting that this Petition be dismissed without prejudice so that he may file a petition at a later date that would potentially include additional, currently unexhausted claims.  (Id.)

If the court were to proceed with review of this Petition as it stands presently, Singleton would potentially be precluded from seeking subsequent federal review of the collateral issues pending before the state appellate courts.  Burton v. Stewart, 549 U.S. 147 (2007).  By contrast, if the instant Petition is dismissed without prejudice, it would not result in time-barring Singleton from returning to federal court after exhausting his previously unexhausted claims in state court.  Based on the record currently before the court, if Singleton's assertion that his second PCR appeal is still pending is correct, he would have ample time remaining on his federal habeas statute of limitations from the conclusion of the pending PCR action to file a new federal habeas petition, assuming Singleton acts diligently.[2]  Therefore, there is no indication that dismissal of this Petition would unreasonably impair Singleton's right to obtain federal relief.  Cf. Rhines v. Weber, 544 U.S. 269,

---

[1] A review of the record reveals that Singleton's second PCR application was dismissed based on the merits of Singleton's claims, not based on a finding that this application was untimely or successive. (See Docket Entry 17-15.) Accordingly, it appears that Singleton's time to file a federal habeas petition pursuant to 28 U.S.C. § 2244(d) would be tolled during the pendency of this application.  See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) ("[W]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

[2] Singleton's conviction became final for the purposes of 42 U.S.C. § 2244(a) on June 4, 2008, when the South Carolina Court of Appeals issued the remittitur from its belated direct appeal review.  See Jimenez v. Quarterman, 129 S. Ct. 681 (2009); Rules 203(b)(2), 221, & 226, SCACR. Accordingly, the limitations period began to run on June 4, 2008 but is tolled for any properly filed state PCR application.  28 U.S.C. § 2244(d)(2).  Singleton filed a PCR application on December 1, 2008, at which point 180 days of non-tolled time had accrued since the period of limitations began to run.

278 (2005) (addressing the appropriateness of staying a mixed petition and observing that if a stay is denied, the petition should not be dismissed when dismissal "would unreasonably impair the petitioner's right to obtain federal relief").

**RECOMMENDATION**

Based upon the foregoing, and without any opposition filed by the respondent, the court recommends that the petitioner's motion to dismiss without prejudice (Docket Entry 23) be granted. In light of this recommendation, it is further recommended that the respondent's motion for summary judgment be terminated. (Docket Entry 18.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 2, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).